## Charles J. Off v. H. V. Finkelstein et al.

1. REAL ESTATE—*Boiler Houses, Blacksmith Shops and the Like, Attached to the Realty.*—Boiler houses, blacksmith shops, side tracks, stationery engines, boilers, and other appliances used in operating a coal mine are, when attached to, unquestionably a part of the realty, and as such a purchaser of the land upon which they are situated at a sheriff's sale under an execution issued upon a judgment against the coal company as owner, acquires an interest in them which may ripen into title if no redemption is made from the sale as provided by the statute.

2. EQUITY OF REDEMPTION—*Can Not be Attacked Collaterally.*—The validity of the equity of redemption can not be assailed collaterally in a proceeding in which the defendant in execution or owner of the land sold is not a party.

3. REDEMPTION—*All Rights of Purchaser at Sheriff's Sale Terminated Thereby.*—The redemption of property terminates all rights of a purchaser at a sheriff's sale.

4. ESTOPPEL—*Fraudulent Bill of Sale is Not.*—A fraudulently obtained bill of sale does not operate as an estoppel.

Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

ARTHUR KEITHLEY, attorney for appellant.

JOSEPH A. WEIL, attorney for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

William Millard recovered a judgment against the Wesley City Coal Company. Execution was issued and levied upon the property of the coal company in Tazewell county. The sale was made to the appellant, Charles J. Off, on the 7th day of September, 1899 for $1,292.

The certificate of purchase issued to Off is as follows :

"STATE OF ILLINOIS, }
    Tazewell County.   } ss.

        WILLIAM MILLARD        }
              vs.               }
WESLEY CITY COAL COMPANY.      }

I, John D. Mount, sheriff of the county of Tazewell, and

Off v. Finkelstein.

State of Illinois, do certify that, by virtue of execution No. 10,864 issued out of the Circuit Court of Tazewell County and to me directed, dated the 31st day of May, A. D. 1899, and delivered in favor of William Millard and against Wesley City Coal Company, did, in pursuance of the statute in such cases made and provided, on the 7th day of September, A. D. 1899, between the hours of 10 o'clock A. M., and 5 o'clock P. M., to wit, at the hour of ten o'clock A. M., offer at public sale the following described property, to wit: all the underlying coal, and all mining rights in and to all the coal underlying the surface of the following described lands, to wit:

All of the northwest quarter ($\frac{1}{4}$) of section six (6) except lot three (3) in township twenty-five (25) north of range four (4) west of the third principal meridian; and the north half ($\frac{1}{2}$) of the northwest quarter ($\frac{1}{4}$) of the southwest quarter ($\frac{1}{4}$) of section six (6) in Groveland township, Tazewell county, Illinois.

Also a tract of land beginning at the center of said section six (6), thence running east 12.50 chains; thence north 31.50 chains; thence northwest 6 chains; thence southwest 7 chains; thence south 31.35 chains to the place of beginning, all in Groveland township, Tazewell county, Illinois.

Also the southwest quarter of section one (1) in township twenty-five (25) north, range five (5) west of the third principal meridian, all in Tazewell county, Illinois.

Also the five (5) acres of land lying in front and south of the right-of-way of the Peoria & Pekin Union Railway.

Also a two (2) acre strip of land running from the dump on said premises to the escapement shaft of said above described premises.

Charles J. Off having bid the sum of twelve hundred ninety-two dollars, he being the highest bidder at said sale, became the purchaser.  Now, if the aforesaid property shall not be redeemed within fifteen months of this date, according to law, then the said Charles J. Off will be entitled to a deed for the same.

Witness my hand and seal, at Pekin, this 7th day of September, A. D. 1899.

John D. Mount,      [Seal.]

Sheriff, Tazewell County, Ill."

Nothing but real estate was purchased at this sale by Off. The evidence shows that upon the land were boiler houses, blacksmith shops, store building, tracks, side-tracks, station-

ery engines, boilers and other appliances used in operating the mine. They were all unquestionably a part of the realty and as such Off acquired an interest in them which might ripen into title if no redemption were made from the sale within fifteen months. If these various articles were personal property, as now contended by Off, then he acquired no interest in them whatever by his purchase at the sheriff's sale.

Twenty days after the sheriff's sale Off assumed to be owner of the property bid off by him at that sale and sold the entire property except the land and store building to George N. Grigsby, who purchased for the appellee Harry V. Finkelstein, for $1,800, which was then paid him by Finkelstein. In the bill of sale Off covenanted that he was the unqualified owner of all the property, and the same instrument gave Grigsby or Finkelstein an option to rent the coal mine at a royalty of five cents per ton, mine run, and provided that if the option to rent were not exercised within thirty days, that all of said property purchased by Grigsby should be removed from the premises prior to January 27, 1900.

Off had neither title nor right of possession to the property he pretended to sell to Finkelstein at the time he received the $1,800 therefor. Nor did he at any subsequent time acquire title, possession or the right to sell said property or any portion thereof. The pretended sale and the acceptance of the purchase money were a frand in law and in fact upon Finkelstein. The offer and attempt to rent the coal mine before he could have acquired the right of possession by the issuance of a sheriff's deed at the expiration of fifteen months after the sheriff's sale was equally unjustifiable and reprehensible.

Finkelstein attempted to take possession of and remove the property he supposed he acquired by purchase from Off. The coal company thereupon enjoined him from interfering therewith.

Finkelstein then complained to Off and on December 4, 1900, Off returned the $1,800 to Finkelstein upon condition

that Off should defend the injunction suit at his own costs. Finkelstein was to sign all necessary papers to enable Off to prosecute the suit or appeal it. It was expressly agreed that the $1,800 should not be returned to Off unless a decree were entered in the injunction suit finding that the coal company was not entitled to maintain its bill.

The coal company in due time redeemed from the sale on the Millard judgment according to law by paying the amount of the sale with lawful interest. The money Off paid, with interest from the date of sale to the date of redemption, is on deposit with the sheriff for him. He could have received it any time subsequent to the redemption but he refuses to do so.

Subsequent to the redemption and prior to the commencement of this suit the coal company dismissed its bill for injunction at its own costs.

This suit is brought by Off against Finkelstein and Grigsby to recover back the $1,800 under the agreement or contract of December 4, 1900. A jury was waived and the issues found by the court for the defendants. A motion for a new trial was overruled and judgment entered against the plaintiff for costs. He brings the case to this court by appeal.

It is contended that the redemption by the coal company was void. The record discloses no facts from which such a conclusion could be reached. The redemption was made in the name of the company, the money paid by and the certificate issued to it. The validity of the redemption can not be assailed collaterally in this proceeding, in which the coal company is not a party.

The redemption terminated all of Off's interests except his right to receive the money from the sheriff.

It is also contended that Finkelstein is estopped by the recitals in the bill of sale from denying that the property was personalty. Off purchased nothing but realty. His attempt to sever the machinery and other portions of the realty from the land was unlawful and can not become a foundation for a doctrine of estoppel.

Off repaid Finkelstein the $1,800 with the express agreement that it should not be repaid to him until a decree was entered in the injunction suit finding that the coal company had no right to maintain its suit. There is no decree determining that fact. Such a decree is a condition precedent to the right of Off to recover the $1,800.

The trial court committed no error in admitting or rejecting testimony. There is no assignment of error calling in question the action of the court in refusing to hold the findings asked by the plaintiff. But notwithstanding that fact we have considered them. What we have heretofore said in the consideration of this case justifies the trial court in refusing all of the findings asked by the plaintiff.

There is no merit in the plaintiff's claim. The deposit with the sheriff gives him back all of his money with interest. If he can recover this $1,800 for the engines, machinery and other articles as personal property, and then take the money in the hands of the sheriff as the redemption of real estate, he will acquire an unconscionable advantage to which this court refuses to give its approval.

The judgment of the Circuit Court is affirmed.